# Supreme Court of Florida

––––––––––

No. SC21-391

––––––––––

**INQUIRY CONCERNING A JUDGE
NO. 20-366 RE: SCOTT CUPP.**

May 13, 2021

PER CURIAM.

Before the Court is the stipulation of the Judicial Qualifications Commission and Twentieth Judicial Circuit Court Judge Scott Cupp. The Commission and Judge Cupp agree to the discipline of a public reprimand.

According to the stipulation, Judge Cupp admits that the conduct described in the Notice of Formal Charges occurred. Judge Cupp admits that in the lead up to the 2020 election for Hendry County Court Judge, he began contacting individuals he knew in Hendry County to inform them that he was supporting the incumbent judge's opponent, because of concerns he had heard about the incumbent. Judge Cupp's preference for the incumbent's

opponent eventually became widely known in the community. Judge Cupp admits that his conduct in making unsolicited contact with many influential members of the Hendry County community, during which he expressed his preference for a certain candidate in a judicial race, and in some instances requested that the community member support his favored candidate, was not only inappropriate, but violated Canons of Judicial Conduct 1, 2B, and 7A(1)(b) and damaged the integrity of the judiciary, by creating the appearance that he was interceding in a judicial election. Judge Cupp also admits that he violated canon 7 and chapter 106, Florida Statutes, during his 2020 reelection campaign by failing to officially designate a campaign account and treasurer with the Division of Elections prior to receiving any contributions or issuing any funds, and that his conduct damaged the public's perception of the judiciary.

Upon being presented with the Notice of Investigation, Judge Cupp took immediate responsibility for his conduct, in both his written response, and during his sworn testimony before the Commission. He admits that his conduct was inappropriate and violated canons 1, 2, and 7. He regrets that his conduct damaged

- 2 -

the integrity of the judiciary and the public's perception of the judiciary. Judge Cupp has had no prior discipline imposed by the Commission, and, having been licensed to practice law for over thirty-four years, also has no prior disciplinary history with The Florida Bar. The Commission also noted that Judge Cupp has a renewed commitment and understanding of what it takes to protect the public's perception of the integrity, impartiality, and independence of the judiciary, and is persuaded that Judge Cupp will never again engage in such conduct.

The stipulation is hereby approved. Judge Scott Cupp is ordered to appear before this Court for the administration of a public reprimand at a time to be set by the Clerk of this Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Honorable Michelle Morley, Chair, and Alexander J. Williams, General Counsel, Judicial Qualifications Commission, Tallahassee, Florida,

for Florida Judicial Qualifications Commission, Petitioner

George N. Meros, Jr. and Amber Stoner Nunnally of Shutts & Bowen, LLP, Tallahassee, Florida,

for Judge Scott Cupp, Respondent